# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMIE HILLIARD,<br>*on behalf of himself and all others similarly situated*, | :<br>:<br>:<br>: |
| Plaintiff, | : Case No.: |
| | : |
| v. | : |
| | : |
| THE LAW OFFICES OF<br>HAYT HAYT & LANDAU, LLC, | :<br>: |
| | : |
| Defendant. | |

Filed on Behalf of Plaintiff:
JIMMIE HILLIARD

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347


The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:   (412) 545-3015
Facsimile:     (412) 540-3399
E-mail:          jward@fentersward.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMIE HILLIARD,<br>*on behalf of himself and all others similarly situated*,<br><br>         Plaintiff,<br><br>   v.<br><br>THE LAW OFFICES OF<br>HAYT, HAYT & LANDAU, LLC,<br><br>         Defendant. | :<br>:<br>:<br>:<br>: Case No.:<br>:<br>:<br>:<br>:<br>:<br>: |

## CLASS ACTION COMPLAINT

AND NOW, comes Plaintiff, Jimmie Hilliard, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action against Defendant, The Law Offices of Hayt, Hayt, & Landau, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Jimmie Hilliard (hereinafter "Jimmie Hilliard"), is an adult individual who currently resides at 716 Sun Valley Court, Chester Springs, Pennsylvania 19425.

2.      The Law Offices of Hayt, Hayt & Landau, LLC (hereinafter "HH&L"), is a limited liability company with its principal place of business located at Two Industrial Way West, Eatontown, New Jersey, 07724-0500.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

1

4. Venue is proper pursuant to 28 U.S.C. § 1391 as this district and division is where Defendant is subject to jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and where a substantial part of the events and omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACT

5. On July 17, 2019, Midland Funding, through HH&L, filed a Civil Complaint against Jimmie Hilliard in Magisterial District Court at Docket Number: MJ-38125-CV-0000114-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6. On September 5, 2019, a Civil Action Hearing was held before the Honorable James Gallagher, Magisterial District Judge. See Exhibit "A".

7. On September 10, 2019, at the conclusion of the Civil Action hearing, Judge Gallagher granted a JUDGMENT FOR PLAINTIFF in favor of Capital One Bank and against Jimmie Hilliard. See Exhibit "A".

8. On September 24, 2019, Jimmie Hilliard began making monthly payments to HH&L in order to settle the abovementioned alleged objection. A true and correct copy of Jimmie Hilliard's online banking statement is attached hereto, made a part hereof, and marked as Exhibit "B".

9. On January 16, 2020, after making his payment on January 8, 2020, Jimmie Hilliard discovered that HH&L had enrolled him in an automatic payment scheme without Mr. Hilliard's prior knowledge, authorization or consent.

10. By enrolling Jimmie Hilliard in an automatic payment scheme without his prior knowledge, authorization or consent, HH&L violated 15 U.S.C.A. § 1692e(10) which prohibits the use of any false, deceptive or misleading means in connection with the collection of any debt.

11. HH&L further took action that cannot legally be taken in violation of 15 U.S.C. §1692e(5) for enrolling Jimmie Hilliard in a payment arrangement he did not consent to.

## CLASS ALLEGATIONS

12. Plaintiff brings these claims on behalf of the following class pursuant to Rule 1708 of Pennsylvania Civil Procedure.

> The Class consists of all individuals to whom Defendant enrolled in automatic payment schemes without their prior authorization or consent in an attempt to collect upon any debt.

13. Excluded from the class is Defendant HH&L as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

14. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

15. Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issues concern: Defendant's willful enrollment of Plaintiff in an autopayment scheme without Plaintiff's prior authorization or consent constituted a false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because of a well-defined public interest in this litigation:

17. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons where Defendant has utilized the abovementioned false, deceptive, unfair, and unconscionable means in an attempt to collect a debt.

18. The identities of all class members are readily ascertainable from the records of Defendant and those individuals to whom Defendant has enrolled in automatic payment schemes without their prior knowledge, consent, or authorization.

19. **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

   a. Whether Defendant's actions of enrolling Plaintiff in an automatic payment scheme without their prior knowledge, authorization or consent constituted a false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) of the FDCPA.

20. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

4

21.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

## COUNT I
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq*.

22.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

23.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

24.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

25.     Jimmie Hilliard is a "consumer" as defined by § 1692a(3) of the FDCPA.

26.     HH&L is a "debt collector" as defined by § 1692a(6) of the FDCPA.

27.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any

obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

28. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

29. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

30. On August 5, 2019, September 10, 2019, September 24, 2019, October 30, 2019, December 10, 2019, and January 8, 2020, HH&L, Mr. Hilliard made $30.00 payments to HH&L in order to settle the abovementioned debt. See Exhibit "B".

31. On January 16, 2020, Jimmie Hilliard discovered that HH&L had enrolled him in an automatic payment scheme without Mr. Hilliard's prior knowledge, authorization or consent.

32. By enrolling Jimmie Hilliard in an automatic payment scheme without his prior knowledge, authorization or consent, HH&L utilized false, deceptive, and misleading representations or means in connection with the attempted collection of any debt in violation of 15 U.S.C.A. § 1692e(10) of the FDCPA.

33. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Here, the only natural consequence of HH&L's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Jimmie Hilliard.

35. As such, HH&L's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

36. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

37. As a direct and proximate result of HH&L's violations of the FDCPA, as set forth above, Jimmie Hilliard has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

<u>**COUNT III**</u>
**PERMANENT INJUNCTION ENJOINING
THE LAW OFFICES OF HAYT, HAYT, OF LANDAU FROM
CREATING FALSE AUTOPAYMENT ARRANGEMENT**

38. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

39. In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

40. The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing *Buffalo Twp.* at 663.

41. A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

42. In the case at hand, Plaintiff possesses clear rights to relief through §§ 1692d, 1692e(5), 1692e(10), and 1692k of the FDCPA.

43. HH&L affirmatively employed false and misleading representations in clear violation of the FDCPA by enrolling Mr. Hilliard in an autopayment scheme without his prior knowledge, authorization or consent.

44. This course of conduct constituted a false and misleading representation in connection with the collection of any debt thus violating §§ 1692e, 1692e(5), 1692e(10), and 1692d of the FDCPA.

45. In the case at hand, a permanent injunction is necessary to prevent the legal wrongdoing of HH&L.

46. No adequate redress at law exists outside halting HH&L's illegal practice of enrolling consumers in automatic payment schemes without the consumers' knowledge, authorization or consent, nothing short of the requested cure will protect Jimmie Hilliard, and the Plaintiff Class.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Jimmie Hilliard, on their own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, The Law Offices of Hayt, Hayt & Landau, LLC, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D. Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper

## **JURY DEMAND**

Plaintiff respectfully demands a jury on all matters so triable.

                                          Respectfully submitted,

                                   **THE LAW FIRM OF FENTERS WARD**

Date: January 7, 2021                        By: **/s/ Joshua P. Ward**
                                                     Joshua P. Ward (Pa. I.D. No. 320347)
                                                       Kyle H. Steenland (Pa. I.D. No. 327786)

                                                       The Rubicon Building
                                                       201 South Highland Avenue
                                                       Suite 201
                                                       Pittsburgh, PA 15206

                                                       Counsel for Plaintiff